WESLEY HARVEY, Adm'r., v. JOHN HUGHES, et al.

CHANCERY PRACTICE. *Petition to compel surety to pay money into court. Bills and notes. Principal and surety.* H. was sued in the chancery court, and a fund belonging to him attached. H. borrowed the fund, and gave bond with T. as security. H. then loaned the fund to T., his surety, taking his note himself therefor. H. subsequently filed his petition in the chancery court, stating that T. was in embarrassed circumstances, and praying that he be required to pay the money into court. The chancellor made an order upon T., at Chambers, requiring him to do so. Upon a petition for a supersedeas, filed in the supreme court to supersede the order of the chancellor. *Held*, That the order was improper, and that the money could not be collected from T. in that way, it being due from T. to H. personally.

FROM JACKSON.

Appeal from the Chancery Court.

Harvey v. Hughes.

No record can be found.

Complainant filed his bill in the chancery court at Ganesboro, alleging that defendant Hughes was indebted to him, and attaching a fund in the hands of one of the other defendants, due to Hughes, amounting to $2,500. Hughes gave bond with Tenison, Paschal and Harrison, and was allowed to receive the fund. To indemnify Tenison as his surety, Hughes placed the fund ($2,500) in his hands, for which Tenison executed his note. The transaction took place in 1875. The cause is still pending and undetermined.

In December, 1877, Hughes filed his petition in the cause, alleging that Tenison was embarassed, and offering a new bond with good security, praying that Tenison be required to pay the fund into court, and that the new bond be accepted in lieu of the present bond.

The petition was presented to the chancellor, and an order made requiring Tenison to pay the money into court by February rules, 1877, or show cause why he should not do so.

Upon this order being served on Tenison he has filed a petition for a supersedias of the order.

It is stated in the briefs of the counsel that Paschal & Co., surety, has united in the application with Hughes, but there is nothing on file to show it, nor that complainant assents or takes part in the application. If the complainant thought the bond insufficient as security for the fund, he might take steps to have sufficient bond executed, or to require

the fund to be paid into court, or if one of the sureties thought himself in danger, he might adopt measures for his indemnity.

But although the allegation of Hughes, that Tenison is embarrassed, would scarcely be a sufficient ground to require a new bond, without any allegation as to the insufficiency of the other sureties, yet even these allegations have reference to the note executed to himself and not to the bond taken in court. When the bond was executed and accepted, and the attached fund released, Hughes took it and loaned it to Tenison, and took his bond to himself, and his petition seeks in this summary way to have the chancellor collect this money, due from Tenison to him individually, and to have it paid into court, or to himself, upon the execution of a new bond.

The order in this case, made by the chancellor at Chambers, is, that Tenison, who is the debtor to Hughes, shall pay into court the money due from him to Hughes, on Hughes petition and offer to give a satisfactory bond already on file. This we think the chancellor has no power to do, and that the order is therefore erroneous and must be superseded. But the supersedias of this interlocutory order of the chancellor is not to be interpreted as restricting his right to accept from Hughes a satisfactory bond in lieu of the one now on file, nor as hindering Hughes from taking such steps for the collection of Tenison's as he may choose to take.